UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

|  |  |  |
|---|---|---|
| IN RE: PROCTER & GAMBLE COMPANY SHAREHOLDERS LITIGATION | ) ) ) ) | Civil Action No. C-1-00-190 (Weber, S.J.) |

**JOINT MOTION FOR FINAL DISTRIBUTION OF THE NET SETTLEMENT FUND TO CERTAIN CHARITIES AND PAYMENT OF THE BALANCE OF ATTORNEYS' FEES TO PLAINTIFFS' COUNSEL**

The parties through counsel hereby move the Court for the entry of an Order approving:

(1)     the stop payment orders entered by the Claims Administrator for all checks that were issued on September 24, 2003 to Authorized Claimants in the Second Distribution which, in accordance with the Order Authorizing Redistribution of Net Settlement Fund entered by the Court on September 5, 2003, were no longer valid after December 23, 2003;

(2)     the payment of the outstanding checks, totaling $5,350.04, which were reissued on August 20, 2003, as part of the First Distribution, and will be void as of February 17, 2004;

(3)     the payment of the outstanding checks totaling $10,834.18, which were reissued as part of the Second Distribution and will be void as of March 25, 2004;

(4)     the payment of the 32 requests for replacement checks and two wire transfers which total $2,104.63 and the payment to two Class Members whose claims had been deemed ineligible but have now been cured of all deficiencies which total $2,388.60;

(5)     the transfer of the $50,000.00 Contingency Fund established pursuant to ¶11(g) of the Plan of Allocation and all interest earned thereon to a non-interest bearing trust account for distribution to the charities identified in the attached memorandum;

-2-

(6)     the immediate distribution of the Net Settlement Fund [excluding funds necessary to pay the outstanding checks and wire transfers referred to in paragraphs (2), (3) and (4) above, and the interest earned on the Net Settlement Fund, the Contingency Fund and the unpaid portion of the attorneys fees while deposited in an interest bearing account totaling approximately $30,000 (referred to collectively as the "interest earned")] which totals $224,518.18 and the $50,000 of the Contingency Fund to certain charities in accordance with the Plan of Allocation which was approved by the Court on December 20, 2001 and identified in the attached memorandum;

(7)     the distribution of the balance of the Net Settlement Fund (the funds that remain in the Net Settlement Fund that were set aside to pay outstanding reissued checks as part of the First and Second Distributions and wire transfers identified in paragraphs (2), (3) and (4) above) and the interest earned after March 25, 2004 to the charities and in the amounts identified in the attached memorandum;

(8)     the distribution of the remaining attorneys fees totaling $3,675,000 to Plaintiffs' counsel in accordance with the Order initially approving the Settlement and Plaintiffs' Counsels' Application for Attorneys Fees on December 20, 2001;

(9)     the filing of the final tax return by the Claims Administrator and the closing of this file; and

(10)    for such further and other relief as the Court deems just and proper.

-3-

The accompanying Memorandum and Affidavit of Shandarese Garr, Vice President of Securities Operation of The Garden City Group, the Claims Administrator, are submitted in support of this motion. The parties are also submitting a proposed Order for the Court's consideration.

Respectfully submitted,

s/Richard S. Wayne
Richard S. Wayne Attorney Bar Number 0022390
STRAUSS & TROY
The Federal Reserve Building
150 E. Fourth Street
Cincinnati, OH   45202-4018
(513) 621-2120
*Counsel for the Settlement Class*

s/Stanley M. Chesley
Stanley M. Chesley Attorney Bar 0000852
Terrance L. Goodman
Terrance L. Goodman Attorney Bar Number 0009148
WAITE SCHNEIDER BAYLESS & CHESLEY
  CO., LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
(513) 621-0267
*Counsel for Defendants*

45688.870.420550.1

**MEMORANDUM IN SUPPORT OF JOINT MOTION
FOR FINAL DISTRIBUTION OF THE NET SETTLEMENT
FUND TO CERTAIN CHARITIES AND PAYMENT OF
THE BALANCE OF ATTORNEYS' FEES TO PLAINTIFFS' COUNSEL**

A.     BASIS FOR MOTION FOR FINAL DISTRIBUTION

In accordance with the Distribution Order entered by the Court on November 22, 2002, a total of 61,122 checks reflecting the initial distribution from the Net Settlement Fund were sent by first-class mail to Authorized Claimants on December 20, 2002.  On May 29, 2003, approximately six months after the initial distribution, the Claims Administrator sent to Authorized Claimants a Final Notification to cash checks ("Final Notice") advising Authorized Claimants that they had until July 15, 2003 to cash their settlement check and if they did not cash their check by that date their portion of the Settlement Fund would be redistributed to Authorized Claimants who had filed a proof of claim and cashed their initial settlement check.  As a result of the May 29, 2003 mailing, the Claims Administrator received a number of requests to reissue checks and of those replaced checks there remains six uncashed checks which total $5,350.04. These checks become void on February 17, 2004.

Then, on September 5, 2003 the Court entered an Order authorizing the Claims Administrator to send out the Second Distribution of the Net Settlement Fund to Authorized Claimants who filed a proof of claim and cashed their initial settlement check.  A total of  13,310 checks were mailed. Along with each check the Claims Administrator included a letter advising the Authorized Claimants who received a second check that they should cash the check within ninety (90) days of the date of the check. The checks were dated September 24, 2003.  Each check also included a provision which provided that the check would be void after 90 days, to establish a final cutoff date for cashing of these checks.  Accordingly, these checks became void on December 23, 2003.  A Reminder Notice was mailed to Authorized Claimants of the Second Distribution.  As a result of Reminder Notice the Claims Administrator received 104 request for replacement checks

totaling $12,330.68. Twenty-five (25) of the replacement checks remain uncashed. These checks total $10,834.18, and will be void as of March 25, 2004.

In addition, subsequent to sending out these replacement checks, GCG received two requests for wire transfers and 32 requests for replacement checks which have not yet been issued. The wire transfers were requested by the Gartmore Investment Management in the amount of $159.57 and the State Street Bank in the amount of $1,327.27. The 32 requests for replacement checks total $617.79. GCG also received request for payment from two Class Members whose claims had been previously deemed ineligible but have since cured all deficiencies. If the distribution is approved for these two Authorized Claimants they will receive a distribution totaling $2,388.60. This is consistent with the recovery paid to other Authorized Claimants.

As of January 15, 2004 there remains $224,518.18 in the Net Settlement Fund from replaced, undelivered and/or uncashed checks and $50,000.00 from the Contingency Fund. These two Funds total $274,518.18 which, in accordance with the Plan of Allocation, are to be distributed to certain charities agreed to by the parties and approved by the Court. The proposed charities and amounts are identified below. In addition, there will be approximately 63 outstanding reissued checks from the First and Second Distributions totaling $21,477.45 which will be void as of March 25, 2004. The parties also propose that any funds that remain after March 25, 2004 from uncashed reissued checks and the interest earned which totals approximately $30,000.00 be distributed to the charities identified below after March 25, 2004.

B.      DISTRIBUTION OF NET SETTLEMENT FUND TO CHARITIES

Pursuant to Paragraph 11, section 11 of the Plan of Allocation, all money that remains in the Net Settlement Fund after distribution has been completed is to be distributed to charities. The Settlement Agreement provides that the identities of the charities and the amounts to be contributed to these charities are to be mutually agreed upon by counsel for P&G and counsel for the Settlement

Class, and approved by the Court. Counsel for P&G and counsel for the Settlement Class have now

consulted and identified the charities to which they believe the remaining amounts in the Net

Settlement Fund should be distributed.

Counsel agree, subject to the approval of the Court, that the funds remaining in the Net

Settlement Fund (excluding those funds set aside to pay the remainder of the reissued check which

do not become void until March 25, 2004 and the interest earned) and the Contingency Fund which

total  $274,518.18  to be distributed to the following charities and in the amounts listed.

| CHARITY | AMOUNT |
|---|---|
| • Crayons to Computers: A free store for teachers to obtain supplies for needy students and classrooms. This program was chartered in 1996 and grew out of a Leadership Cincinnati Class. | $15,000.00 |
| • Civic Garden Center Neighborhood Garden Program: a program established in 1981 to assist community groups, primarily in low-to-moderate income neighborhoods, in converting blighted vacant lots into community food gardens and parks. | $10,000.00 |
| • St. Bernard Public Library (the library should have discretion as to how the funds are used). | $10,000.00 |
| • The Nativity Literacy Center: A non-profit organization established in 1988.  The Center provides, free of charge, literacy education to those in the community (Price Hill) who are otherwise without the resources or the access to the opportunities necessary for economic, social and academic advancement. | $10,000.00 |
| • Weston Art Gallery:  Established in 1995, It is dedicated to the promotion of local and regional artists.  It obtains its funding from government grants, private foundations and individual contributions. | $12,259.09 |
| • The University of Dayton School of Law: to be used to pay the tuition for a qualified student who is unable to financially afford the tuition | $40,000.00 |

-7-

- The University of Cincinnati School of Law: to be used to pay the tuition for a qualified student who is unable to financially afford the tuition                                      $40,000.00

- The National Conference for Community and Justice: Founded in 1927, it is a human relations organization dedicated to fighting bias, bigotry and racism in America. NCCJ promotes understanding and respect among all races, religions and cultures through advocacy, conflict resolution and education.  These funds are to be used to hire a Police/Community Communications Consultant to implement the communications plan to enhance the Police Department transparency towards the improvement of the police community relations.                  $50,000.00

- UNICEF: to be used to support the Service Learning Curriculum for middle and high school teachers. This program was established to encourage students to participate in community service                                       $87,259.09

Counsel also agree, subject to the approval of the Court, that the funds remaining in the Net Settlement Fund for payment of reissued checks from the First and Second Distributions which all become void as of March 25, 2004 and the interest earned on the Net Settlement Fund, the unpaid portion of Plaintiffs' attorney fees and the Contingency Fund, which totals approximately $30,000.00 be divided equally between the following two charities after March 25, 2004:

**<u>CHARITY</u>**

- Crossroad Health Center: opened in 1992 to serve the medically underserved population of Cincinnati's poorest inner-city neighborhood.  The goal of the health center is to provide for patients' physical and mental health through traditional medical services as well as counseling and social service support.

- Hoxworth Blood Center: to be used to purchase a new mobile blood unit

-8-

C.      DISTRIBUTION OF THE REMAINDER OF PLAINTIFF'S ATTORNEYS FEES

As set out in paragraph six (6) of the Court's Order dated December 20, 2001, Plaintiffs'
counsel were awarded a total of $14,700,000.00 for their attorney fees and reimbursement of
expenses. Plaintiffs' attorneys fees and expenses were to be paid to Richard S. Wayne, Plaintiffs'
Lead Counsel, to be distributed to other Plaintiffs' Counsel. One-half of the total award was paid to
Plaintiffs' Counsel on the Settlement Effective Date. As described in paragraph six (6) of the
December 20, 2001, Order "the balance of the award shall be paid upon the conclusion of the
administration and distribution of the settlement fund or as otherwise ordered by the Court."  In the
Court's Order dated November 22, 2002, an additional $3,675,000 was distributed to Plaintiffs'
counsel. Since this Motion provides for the final steps in the distribution of the Settlement Fund,
Plaintiffs' counsel request that the remaining attorneys fees be released to Richard S. Wayne to be
distributed to Plaintiffs' counsel.

A proposed Order is being submitted to the Court via e-mail.


Dated:  January 22, 2004                              Respectfully submitted,

                                                     s/Richard S. Wayne
                                                     Richard S. Wayne Attorney Bar Number 0022390
                                                     STRAUSS & TROY
                                                     The Federal Reserve Building
                                                     150 East Fourth Street
                                                     Cincinnati, Ohio  45202
                                                     (513) 621-2120
                                                     *Counsel for Settlement Class*

-9-

                s/Stanley M. Chesley
                Stanley M. Chesley Attorney Bar Number 0000852
                s/Terrance L. Goodman
                Terrance L. Goodman Attorney Bar Number 0009148
                WAITE SCHNEIDER BAYLESS
                   & CHESLEY CO., LPA
                1513 Fourth & Vine Tower
                One West Fourth Street
                Cincinnati, Ohio  45202
                (513) 621-0267
                *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing Joint Motion for Final Distribution of the Net Settlement Fund to Certain Charities and Payment of the Balance of Attorneys' Fees to Plaintiffs Counsel and Memorandum in Support was filed electronically with the U.S. District Court; this 22 day of January. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parities may access this filing through the Court's system. A copy will be served by ordinary United States mail, first class postage prepaid, this 22 day of January upon the following counsel:

> Gregory P. Joseph, Esq.
> GREGORY P. JOSEPH LAW OFFICES LLC
> 805 Third Avenue, 31st Floor
> New York, NY  10022

Dated:  January 22, 2004                           s/Richard S. Wayne
                                                   Richard S. Wayne Attorney Bar Number 0022390

45688.870.420550.1