IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

------------------------------------------------------------x
IN RE PROCTER & GAMBLE COMPANY           :     Civil Action No. C-1-00-190
SECURITIES LITIGATION                    :     (Weber, J.S.)
------------------------------------------------------------x
THIS DOCUMENT RELATES TO                 :
ALL ACTIONS                              :
------------------------------------------------------------x

**AFFIDAVIT OF SHANDARESE GARR IN SUPPORT OF THE JOINT MOTION FOR FINAL DISTRIBUTION OF THE NET SETTLEMENT FUND TO CERTAIN CHARITIES AND THE BALANCE OF ATTORNEYS' FEES TO PLAINTIFF'S COUNSEL**

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF SUFFOLK   )

Shandarese Garr, being duly sworn, deposes and says:

1. I am an Assistant Vice President for Securities Operations of The Garden City Group, Inc. ("GCG"), which was retained as Claims Administrator in connection with the settlement of the above-captioned litigation (the "Litigation"). I make this affidavit in support of the Joint Motion for Final Distribution the balance of the Net Settlement Fund to certain Charities and the balance of attorneys' fees to Plaintiff's Counsel. I have personal knowledge of the facts stated herein.

**The Redistribution of the Net Settlement Fund**

2. To implement the Courts Order Authorizing Redistribution of Net Settlement Fund (the "Redistribution Order"), dated September 5, 2003 (the "Second Distribution"), GCG updated its

computer database to determine the Authorized Claimants eligible for the Second Distribution and the portion of the Net Settlement Fund to be distributed to each Authorized Claimants.

3. Subsequent to the First Distribution, GCG received 31 late claims from Class Members that were deemed eligible to participate in the Settlement and at the request of Class Counsel, those claims were presented to the Court for consideration for payment as a part of the Second Distribution. Additionally, 39 Class Members whose claims had been previously deemed ineligible, based on the documentation initially provided in support of their claims, submitted additional documentation that reversed their ineligibility and, at the request of Class Counsel, these claims were also included for the Court's consideration for payment as a part of the Second Distribution.

4. The Court on September 5, 2003 entered the Redistribution Order and approved: (i) the payment of thirty-one (31) late claims; (ii) thirty-nine (39) cured ineligible claims that the Claims Administrator received after the First Distribution; and (iii) the Second Distribution to the Authorized Claimants who cashed the check they received in connection with the First Distribution.

**Unclaimed /Uncashed Settlement Checks from the Second Distribution**

5. In compliance with the Courts' September 5, 2003 Order, GCG issued 13,310 checks to Authorized Claimants for the Second Distribution. The late and previously ineligible claim checks were printed and mailed by prepaid first class mail on September 19, 2003 and the Second Distribution checks were dated and mailed out on September 24, 2003, under the supervision of GCG's Manager of Banking. GCG sent a letter with these checks indicating that the checks were only valid for 90 days from the date on the check. Therefore, as of December 23, 2003 the checks were no longer valid. Of the 13,310 checks that were issued as part of the Second Distribution 12,442 checks have been cashed totaling $1,245,056.88.

6. GCG has complied with the Court's September 5, 2003 Redistribution Order and has made reasonable attempts to locate the claimants whose checks remained uncashed or were returned as undelivered by the Post Office. First, GCG conducted address searches for those claimants whose checks were returned as undeliverable. GCG updated the claimant records with the new addresses and replacement checks were mailed to those claimants. Through January 16, 2004, 100 replacement checks totaling $12,330.68 were issued to Authorized Claimants who received a Second Distribution through this process or at the request of payees who needed their check reissued for a variety of reasons. As of January 16, 2004, 25 of these replacement checks have not been cashed totaling $10,834.18 and they will be void as of March 25, 2004.

7. In addition, GCG staff conducted extensive research to attempt to contact those claimants with uncashed or undelivered checks, as well as institutions with multiple outstanding checks. This process included the mailing of postcards to prompt Authorized Claimants to cash their checks, as well as numerous telephone calls and e-mails in an attempt to reach the appropriate party at the various institutions that moved and/or merged since the distribution.

8. As of January 16, 2004, there remains a total of 728 outstanding undelivered and/or uncashed checks that were issued to Authorized Claimants in the Second Distribution totaling $71,498.76. All of these checks were void as of December 23, 2003 and GCG has entered stop payment orders on these checks.

9. In addition, as of January 16, 2004, 68 of the replacement checks issued in connection with the First Distribution remain uncashed. These checks total $184,577.46 and all but 6 of these checks are void. The 6 checks total $5,350.04 and will be void on February 20, 2004. Included in these were 3 checks to Northern Trust that have subsequently been determined duplicative of other checks and should not have been issued. GCG staff conducted extensive research to attempt to contact those claimants, as well as other institutions with outstanding checks. This process included the mailing of postcards to

prompt Authorized Claimants to cash their replacement checks, as well as numerous telephone calls and e-mails in an attempt to reach the appropriate party at the various institutions that moved and/or merged since the First Distribution.

### Procedures To Be Followed in Final Distribution

11.   Subsequent to the Second Distribution, GCG received claims from 2 additional Class Members whose claims had been previously deemed ineligible, based on the documentation initially provided in support of their claims, submitted additional documentation that reversed their ineligibility and, at the request of Class Counsel, these claims are being included for the Court's consideration for payment as a part of this Final Distribution. The total Recognized Losses for these 2 claimants is $34,125.31. The estimated recovery for these claims is as follows:

|        |                   | Recovery Per Share[1] |
|--------|-------------------|------------------------|
| Period | 01/25/00-02/14/00 | $0.62                  |
| Period | 02/15/00-03/06/00 | $1.92                  |
| Period | 03/07/00-06/07/00 | $0.09                  |

This is consistent with the recovery paid to other Authorized Claimants. If the distribution is approved for these two Authorized Claimants they will receive a distribution totaling $2,388.60.

12.   Subsequent to the reminder notice sent following the Second Distribution, GCG received two requests for wire transfers and 32 requests for replacement checks. The first requested wire transfer was received from Gartmore Investment Management in the amount of $159.57. The second wire transfer request was received from State Street Bank in the amount of $1,327.27. The 32 requests for replacement checks total $617.79.

---

[1] After attorneys' fees.

13. Attached hereto as Exhibit A is a list of all Authorized Claimants whose checks are still valid and who did not cash the replacement check they received as part of the First Distribution, Second Distribution and for the Class Members who provided additional information to satisfy any deficiency in their initial filing after the First and Second Distributions.

### Available Funds for the Final Distribution

14. As of January 16, 2004 there remains $224,518.18 in the Net Settlement Fund, $50,000.00 in the Contingency Fund, interest totaling $32,711.30 and any funds that remain unclaimed from the First and Second Distribution which will not be known before March 25, 2004, but which shall not exceed $21,477.45.

15. Consistent with the September 5, 2003 Order, GCG has placed stop payment orders against all outstanding checks issued on September 24, 2003, in connection with the Second Distribution, which were no longer valid after December 23, 2003. The balance of the Net Settlement Fund and Contingency Fund are available to distribute to charities in accordance with the Stipulation of Settlement and Orders of this Court.

16. After this Final Distribution, the filing of the final tax return and the entry of stop payment orders on the few remaining outstanding checks to Authorized Claimants, which will be entered on or about March 25, 2004, there should not be any additional work necessary for the Claims Administrator in this administration.

SHANDARESE GARR

Sworn to before me this
16th Day of January, 2004

NOTARY PUBLIC

ZENAY R. ARNOLD
Notary Public, State of New York
No. 01AR5070365
Qualified in _____ County
Comm____ 12/9/04

M\doc\PNG\affid\2nd distributionaff011604b

5